UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | |
|---|---|
| DERRICK L. MONTGOMERY,<br><br>    Plaintiff,<br><br>v.<br><br>GALLANT LAW GROUP, P.C.,<br><br>    Defendant. | Case No. 3:25-cv-00015<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** DERRICK L. MONTGOMERY ("Plaintiff"), by and through the undersigned counsel, complaining of GALLANT LAW GROUP, P.C. ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §1679 *et seq.*, fraud, negligent misrepresentation, breach of contract, breach of fiduciary duty, and legal malpractice.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. §§ 1391 because Defendant conducts business in the Southern District of Ohio and a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

1

## PARTIES

5. Plaintiff is a natural person, over 18 years-of-age, residing in Fairborn, Ohio.

6. Defendant is a credit repair organization styling itself as a "debt resolution law firm," whose services are purportedly legal in nature and which include submitting disputes on behalf of consumers to creditors and credit reporting agencies in an effort to get negative and unverifiable information removed from consumers' credit reports and rendered uncollectible, in turn improving such consumers' credit.

7. Defendant is a professional corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 123 South Broad Street, Suite 1640, Philadelphia, PA 19109.

## FACTUAL ALLEGATIONS

8. In early 2022 Plaintiff was facing financial hardship.

9. Due to the financial hardship, Plaintiff was unable to keep up with his mounting debt.

10. Accordingly, Plaintiff began looking for debt relief companies that could assist him in resolving his debt and improving his credit.

11. Plaintiff ultimately found Defendant through his search and contacted Defendant to inquire about Defendant's services.

12. During a call with Defendant's agent, the agent represented to Plaintiff that it would be able to: (1) resolve Plaintiff's financial obligations for a significant discount by negotiating with Plaintiff's creditors; and (2) improve Plaintiff's credit scores.

13. Defendant further represented to Plaintiff that all he would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

14. On October 7, 2022, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt settlement program by entering into a contract with Defendant for legal and debt resolution services.

15. Specifically, Plaintiff enrolled only one account, with a total debt amount of approximately $15,968.

16. Pursuant to the contract, Plaintiff was obligated to make monthly payments of approximately $294.

17. Plaintiff proceeded to make his monthly payments to Defendant in a timely manner.

18. During the enrollment period, Plaintiff was repeatedly assured that Defendant was actively communicating with his enrolled creditor and that a settlement would soon be reached.

19. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debt as expeditiously as Defendant represented it would.

20. Despite Defendant's representations, Plaintiff's credit scores did not improve during the enrollment period.

21. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would negotiate and settle his outstanding debt and improve his credit.

22. Moreover, Plaintiff relied on Defendant's representation that his regular payments into the program would enable Defendant to effectively negotiate and work towards resolving his account.

23. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling him what he wanted to hear in order for him to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt settlement program.

24. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with his creditor on his behalf.

25. However, Defendant chronically failed to engage Plaintiff's only enrolled creditor in settlement discussions, which resulted in Plaintiff's creditor hounding Plaintiff for payments.

26. Despite Plaintiff paying in no les than $5,880 into Defendant's program, Defendant failed to meaningfully (1) engage Plaintiff's creditor in settlement discussions; (2) resolve Plaintiff's debt, or (3) improve Plaintiff's credit scores.

27. On April 22, 2024, almost two years after Plaintiff's enrollment in Defendant's program, Plaintiff "graduated" from Defendant's debt settlement program.

28. Shortly thereafter, Plaintiff discovered that Defendant had failed to resolve his only enrolled account after Plaintiff was sued by the creditor and a notice of garnishment was sent to Plaintiff's employer.

29. Despite Defendant initial representations of providing legal assistance to Plaintiff in the event he was sued by his creditor, Defendant refused to assist Plaintiff in the lawsuit.

30. Plaintiff suffered significant damages as result of Defendant's misrepresentations and omissions, including: financial losses, increased debt due to interest that accrued on the enrolled debt, emotional distress, mental anguish, decreased credit score, and deprivation of the money that Plaintiff paid into Defendant's program.

4

31. Simply put, Plaintiff found himself in a much worse financial position after enrolling in Defendant's program.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

32. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because he is an individual who sought and obtained credit repair services.

34. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

   a. **Violations of CROA § 1679b(a)(3) and (a)(4)**

35. Section 1679b(a)(3) of the CROA prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization."

36. Additionally, Section 1679b(a)(4) of the CROA, prohibits any person from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

37. Defendant violated §§ 1679b(a)(3) and (4) by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services that it was contractually obligated to provide; (3) failing to

promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) failing to resolve any of Plaintiff's debts or improve Plaintiff's credit score; and (5) putting its financial interests ahead of Plaintiff's interests.

### b. Violation of CROA § 1679b(b)

38. Section 1679b(b) of CROA provides:

No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

39. Defendant violated §1679b(b) of CROA by charging Plaintiff for services prior to fully performing the services (resolving Plaintiff's debts or improving Plaintiff's credit scores).

### c. Violations of CROA § 1679d

40. Section 1679d(b)(4) of the CROA outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

41. Defendant violated § 1692d(b)(4) of the CROA through its failure to provide the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

42. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully request the following relief:

  a.  A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

  b.  An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

  c.  An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

  d.  An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

  e.  Any further relief as this Honorable Court finds to be just and appropriate.

## COUNT II – FRAUD

43.  Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

44.  The elements of fraud are: (1) a factual representation or, where there is a duty to disclose, concealment of a fact; (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Trepp, LLC v. Lighthouse Commer. Mortg., Inc.*, 2010-Ohio-1820 (Ct. App.).

45.  Defendant committed fraud by falsely representing to Plaintiff that (1) it would expeditiously resolve his debts; and (2) improve his credit scores.

46.  Defendant knew that its debt resolution program could not possibly improve Plaintiff's credit scores as it requires Plaintiff to stop making payments to his creditors, which will in turn decrease Plaintiff's credit scores.

47. Plaintiff detrimentally relied on the representations by enrolling in Defendant's debt resolution/credit improvement program and making payments into the program.

48. Despite making payments into Defendant's debt resolution/credit improvement program, Defendant failed to settle Plaintiff's debt or improve Plaintiff's credit scores.

49. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. A judgment in Plaintiff's favor for fraud;

   b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

   c. Awarding Plaintiff his reasonable attorney's fees and costs; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III –NEGLIGENT MISREPRESENTATION

50. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

51. The tort of negligent misrepresentation has four elements: (1) one who, in the course of his or her business, profession, or employment, or in any other transaction in which he or she has a pecuniary interest; (2) supplies false information for the guidance of others in their business transactions; (3) is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information; and (4) if he or she fails to exercise reasonable care or competence in obtaining or communicating the information. *Dover Chem. Corp. v. City of Dover*, 192 N.E.3d 559 (Ohio Ct. App. 2022).

8

52. Defendant made negligent misrepresentations through its conduct in promising Plaintiff that it would (1) promptly communicate with Plaintiff's enrolled creditors, (2) efficiently settle Plaintiff's enrolled debts, and (3) improve Plaintiff's credit score.

53. Further, Defendant implicitly and/or explicitly represented to Plaintiff that its services would improve Plaintiff's credit scores when it knew that Plaintiff's credit scores would decrease due to missed payments.

54. Plaintiff heavily relied on all of the aforementioned false statements to his detriment.

55. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    e. A judgment in Plaintiff's favor for negligent misrepresentation;

    f. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

    g. Awarding Plaintiff's reasonable attorney's fees and costs; and

    h. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – LEGAL MALPRACTICE

56. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

57. In Ohio, to establish a cause of action for legal malpractice based on negligence, a plaintiff must prove the following elements: (1) an attorney-client relationship, (2) professional

9

duty arising from that relationship; (3) breach of that duty; and (4) damages. *Shoemaker v. Gindlesberger*, 118 Ohio St. 3d 226, 887 N.E.2d 1167 (2008).

58. Plaintiff and Defendant entered into an attorney-client relationship on October 7, 2022, upon Plaintiff executing a Client Retainer Agreement with Defendant in which Defendant agreed to provide legal representation and debt resolution services to Plaintiff.

59. Defendant owed a professional duty to Plaintiff as a result of this contractual relationship, specifically to negotiate with Plaintiff's creditors and provide other legal services.

60. The professional duty requires the attorney to exercise that degree of the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed. *Schmitt v. Witten*, 2019-Ohio-1953 (Ct. App.).

61. Defendant breached its duties as set forth in the Client Retainer Agreement by failing to provide legal assistance to Plaintiff in connection with his enrolled account.

62. Further, Defendant failed to resolve any of Plaintiff's debts despite having adequate funds to resolve Plaintiff's debts.

63. As set forth above, Plaintiff suffered damages as a result of Defendant's legal malpractice.

**WHEREFORE**, Plaintiff, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. A judgment in favor of Plaintiff for legal malpractice;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages; and,

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT V – BREACH OF CONTRACT

64. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

65. The contract for the provision of legal and debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

66. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

67. Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to provide legal and other services as contracted for and (2) putting its financial interests ahead of Plaintiff's interests.

68. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully request the following relief:

a. A judgment in favor of Plaintiff for legal malpractice;

b. Awarding Plaintiff compensatory damages;

c. Awarding Plaintiff punitive damages; and,

d. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT VI – BREACH OF FIDUCIARY DUTY

69. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

70. Defendant owed Plaintiff a fiduciary duty arising out of the nature of this relationship.

71. Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

72. Specifically, Plaintiff entrusted Defendant with his money and to use his money in a responsible manner to settle his debts.

73. Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of the interests of Plaintiff.

74. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for breach of fiduciary duty;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: January 16, 2025  Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.

Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*